UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02731-WLH-PD | Date | April 4, 2025 |
|---|---|---|---|
| Title | *Serobian v. JP Morgan Chase (Credit Card) National Corp. Services Inc.* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|
| Holidae Crawford | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S AND DEFENDANT'S *EX PARTE* APPLICATIONS [11, 12, 13]**

Plaintiff Liana Serobian ("Plaintiff"), proceeding *pro se*, brings this action against Defendant JP Morgan Chase (Credit Card) National Corp. Services Inc. ("Defendant" or "Defendant JP Morgan"). The Court is in receipt of Plaintiff's *Ex Parte* Application to Dismiss the Federal Claim and Remand the Action ("EPA 1") (EPA 1, Docket No. 11) and *Ex Parte* Application for Relief from Local Rule 7-3 ("EPA 2") (EPA 2, Docket No. 12). The Court is also in receipt of Defendant's *Ex Parte* Application to Extend the Time to Answer ("EPA 3") (EPA 3, Docket No. 13), as well as Defendant's Opposition to Plaintiff's EPA 1. (Opp'n to EPA 1, Docket No. 14). For the reasons explained below, the Court **GRANTS** Plaintiff's EPA 1 and **DENIES** Plaintiff's EPA 2 and Defendant's EPA 3 as moot.

On February 24, 2025, Plaintiff filed this action in the Small Claims Court of the Superior Court of Los Angeles County ("LASC"). (Notice of Removal, Docket No. 1 ¶ 1 & Ex. A at 1). The action was scheduled for a non-jury trial on April 8, 2025. (*Id.*). In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

her Complaint, Plaintiff alleges that Defendant owed her $12,500 for having "violated [the Fair Credit Reporting Act (the "FCRA")], Bus. [&] Prof. Code [§§] 651 & 17500, [and the] Implied Covenant of Good Faith & Fair Dealing." (*Id.* at 2). Plaintiff contends that she made a credit card payment on January 15, 2025, but that Defendant had erroneously "reported [her] 60 days late on 2/20/2025[.]" *Id.* Plaintiff alleges that the 60-day late report negatively impacted her credit score, "resulting in [her] being denied financing to fix [her] home's roof[,]" having been damaged during the Los Angeles Wildfires on January 7, 2025. (*Id.* at 3). Plaintiff called Defendant on February 23, 2025, requesting that the 60-day late report be removed from for her account, but Defendant refused. (*Id.*). Thereafter, this action ensued.

Plaintiff served Defendant with the Complaint on February 28, 2025. (Notice of Removal ¶ 2). On March 28, Defendant timely removed the action – having removed within 30 days of receipt of the Complaint. (*Id.* ¶ 8); *See* 28 U.S.C. § 1446(b). The sole basis for Defendant's removal was federal question jurisdiction due to the FCRA claim. (*Id.* ¶¶ 9-10).

On April 1, Plaintiff filed EPA 1. (*see* EPA 1). Plaintiff contends in EPA 1 that on March 4, 2025, she confirmed that Defendant had removed the 60-day late report for February 2025.[1] (Decl. of Liana Serobian in Supp. of EPA 1 ("Serobian Decl."), Docket No. 11-1 ¶ 5). As a result, Plaintiff argues that any FCRA claim is "moot" such that no

---

[1] In advance of the April 8 trial, Plaintiff submitted evidence ("Evidence") to the LASC that Defendant had removed the 60-day late report. (Serobian Decl. 1 ¶ 7). Plaintiff also served Defendant's registered agent of service with the Evidence, who received it on March 26, 2025. (*Id.* & Ex. B). Plaintiff claims that Defendant intentionally failed to disclose this information to the Court; however, Plaintiff also acknowledges that the LASC docket fails to show entry of the Evidence. (Serobian Decl. ¶¶ 7-8). Accordingly, the Court does not find that Defendant intentionally omitted this information in an effort to "wrongfully obtain[] federal jurisdiction . . . for 'improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" (EPA at 7).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

federal question remains. (EPA 1 at 3). To that end, she "waives any remaining stake in this federal question . . ." (*Id.*).

Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure provides that a plaintiff, as a matter of course, may amend its pleading once, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Here, the pleading – Plaintiff's Complaint – is one to which a responsive pleading is required. As no responsive pleading has yet been served – as evidenced by Defendant's EPA 3 – Plaintiff is free to amend her pleading as a matter of course once, without leave of the Court.

The cover page of EPA 1 describes the Application as moving "to dismiss federal question and remand to small claims court." (*see* EPA 1). Plaintiff reiterates that she "no longer has stake in the federal question brought before this Court," as the basis for the FCRA claim was the erroneous 60-day late report. (EPA 1 at 10). She accordingly "wishes to waive" the claim. (*Id.*). While Defendant argues that Plaintiff has not "formally abandoned her FCRA claim[,]" the Court disagrees. (Opp'n to EPA 1 at 3). The Court construes Plaintiff's EPA 1 as formally abandoning the FCRA claim, particularly where she explicitly moves to dismiss the federal claim. As already noted, Plaintiff does not require leave of this Court to amend her Complaint at this time. *See* Fed. R. Civ. P. 15(a)(1)(B). As the FCRA claim was the basis for this Court's subject matter jurisdiction, this Court now lacks subject matter jurisdiction.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Due to Plaintiff's explicit dismissal of the claim, the Court finds it lacks subject matter jurisdiction and, accordingly, must remand the case. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

For the reasons explained above, the Court **GRANTS** Plaintiff's EPA 1 and **ORDERS** the case be remanded to the LASC. The Court **DENIES** Plaintiff's EPA 2 and Defendant's EPA 3 as moot.

**IT IS SO ORDERED.**